UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-0269 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| MAURRAE STEPHEN CRUTCHFIELD, | |
| Defendant. | |

Joseph S. Teirab, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Douglas Olson, OFFICE OF THE FEDERAL DEFENDER, for defendant.

This matter is before the Court on the government's objection to the March 21, 2023 Report and Recommendation ("R&R") of Magistrate Judge Dulce Foster. Judge Foster recommends granting defendant Murrae Crutchfield's motion to suppress evidence obtained from the warrantless seizure of his cell phone during a traffic stop conducted by Columbia Heights Police Officer Tony Miller on July 27, 2022.[1] The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on that review, the Court overrules the government's objection and adopts the R&R.

---

[1] Judge Foster also recommends denying Crutchfield's motion to suppress statements, admissions, and answers, based on Crutchfield's withdrawal of that challenge after the hearing on his motions. *See* ECF No. 36 at 1 n.1; ECF No. 41 at 1 n.1. Neither party objects to this part of the R&R.

-1-

The government devotes the bulk of its objection to making arguments about the legality of the seizure of Crutchfield's cell phone[2] that the government never made to Judge Foster. Because the government failed to raise these arguments before Judge Foster, the Court will not entertain them now. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("Just as parties cannot present arguments to the appellate court that they did not raise before the district court, parties must take before the magistrate, not only their best shot but all of their shots." (cleaned up)); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge.").

The only argument about the seizure of Crutchfield's cell phone that the government made to Judge Foster—an argument that it now repeats in its objection to the R&R—is that the seizure was necessary in order to preserve evidence, and therefore

---

[2]Specifically, the government argues (1) that the seizure was a valid search incident to Crutchfield's arrest and, alternatively, (2) that Crutchfield lacked a reasonable expectation of privacy in the contents of his cell phone because the police seized the cell phone from a third person. The Court acknowledges, with respect to the latter argument, that "the question of whether . . . a reasonable expectation of privacy exists has often loosely—and misleadingly—been referred to as a question of Fourth Amendment 'standing.'" *United States v. Foster*, 763 F. Supp. 2d 1086, 1087 (D. Minn. 2011). The question does not, however, relate to "standing" in the Article III sense, but rather to the merits of the Fourth Amendment challenge. Thus, the government can waive or forfeit the argument that the defendant lacks "standing," and the Court has no obligation to conduct its own inquiry into whether the defendant has "standing." *See id.* at 1090.

was lawful even without a warrant. See Gov. Obj. at 14–16 (citing *United States v. Place*, 462 U.S. 696 (1983) (permitting the brief, warrantless seizure of luggage for investigative purposes based on a reasonable-suspicion standard) and *United States v. Smith*, 715 F.3d 1110 (8th Cir. 2013) (concluding that warrantless seizure of laptop fell within exigent-circumstances exception where "immediate seizure was necessary to prevent destruction of evidence")). The Court agrees with Judge Foster that Officer Miller lacked a "reasonable, articulable suspicion, premised on objective facts, that [Crutchfield's phone] . . . contain[ed] contraband or evidence of a crime," and thus Officer Miller's seizure of Crutchfield's cell phone did not fall within the narrow exception recognized in *Place*. 462 U.S. at 702. And since Officer Miller did not have a reasonable suspicion that the cell phone would contain evidence of a crime, he necessarily did not have probable cause, and thus the seizure did not fall within the broader exigent-circumstances exception to the warrant requirement. *See United States v. Stephen*, 984 F.3d 625, 631 (8th Cir.), *reh'g denied* (Feb. 5, 2021), *cert. denied*, 142 S. Ct. 270 (2021) (quoting *Place* for rule that exigent-circumstances exception requires probable cause); *see also United States v. Hogan*, 25 F.3d 690, 693 (8th Cir. 1994) (officer's "hunch" that vehicle contained evidence was insufficient to support probable cause).

ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES the government's objection [ECF No. 42] and ADOPTS the R&R [ECF No. 41]. Accordingly, IT IS HEREBY ORDERED THAT defendant's motion to suppress evidence [ECF No. 22] is GRANTED and defendant's motion to suppress statements, admissions, and answers [ECF No. 23] is DENIED.

Dated:  May 9, 2023        s/Patrick J. Schiltz
                           Patrick J. Schiltz, Chief Judge
                           United States District Court